IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER HOLMES,                )
                              )
        Plaintiff,             )
                              )
    v.                         )    CIVIL ACTION NO.: CV209-176
                              )
JOE HOWARD; STEVE ZADACH;      )
and CLYDE FITZGERALD,          )
                              )
        Defendants.            )

## MAGISTRATE JUDGE'S ORDER
## and REPORT AND RECOMMENDATION

Plaintiff has submitted a complaint filed pursuant to the Civil Rights Act along with an application seeking to proceed *in forma pauperis*. Plaintiff seeks to file his complaint under 42 U.S.C. § 1983. He alleges that Defendants, as officials of a longshoremen's union and/or stevedore shipping company, discriminated against him by not assigning jobs to him when available and treating workers unfairly. Plaintiff seeks back pay for the last four years as well as benefits and insurance.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). 42 U.S.C. § 1983 provides a remedy for violations of a person's constitutional rights by a defendant who acts under color of state law, *i.e.*, a "state actor." A successful section 1983

action requires a showing that the conduct complained of was committed by a person acting under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has failed to show that Defendants are state actors or that they were acting under color of state law.

If Plaintiff desires to proceed pursuant to 42 U.S.C. § 2000e, alleging employment discrimination, he must first file a complaint with the U. S. Equal Employment Opportunity Commission. The filing of a complaint with the EEOC and the receipt of a right-to-sue letter is not a jurisdictional prerequisite, but rather a condition precedent, which on proper occasion may be equitably modified. Id. at 1216; Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982); Forehand v. Florida State Hospital at Chattahoochee, 839 F.Supp. 807, 814 (N.D. Fla. 1993); Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992 (11th Cir. 1982). In the case *sub judice*, Plaintiff has not filed such a complaint with the EEOC as required.

Plaintiff's application to proceed *in forma pauperis* is **DENIED**. Furthermore, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **ORDERED** and **REPORTED** and **RECOMMENDED**, this ___ day of December, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)